## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BENJAMIN ZAMORA,<br><br>Plaintiff,<br><br>v.<br><br>MOUNTAIN AMERICA CREDIT UNION,<br><br>Defendant. | **MEMORANDUM DECISION<br>AND ORDER<br>GRANTING MOTION TO DISMISS**<br><br>Case No. 1:22-CV-89<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Benjamin Zamora sues Mountain America Credit Union (which the parties refer to as MACU), alleging violations of the Fair Credit Reporting Act. MACU moves to dismiss the complaint for failure to state a claim. The court grants the motion.

### I.

The trouble began in April 2022, when Mr. Zamora reviewed his Equifax consumer credit report. *See* Dkt. No. 2 ¶ 18. He noticed that both MACU and Bonneville Collections, MACU's collection agency, reported what appeared to be the same auto loan debt. *See id.* ¶¶ 19–20. Mr. Zamora then sent a letter to Equifax disputing the dual reporting. *See id.* ¶ 23. Nearly three months passed with no response. *See id.* ¶ 31. Mr. Zamora then brought this action, asserting two claims against Equifax and one claim against MACU. *See generally id.* He later voluntarily dismissed his claims against Equifax, *see* Dkt. No. 25, so only his claim against MACU remains before the court.

Mr. Zamora does not dispute the existence of the auto loan debt. Rather, he contends that the reporting of this debt by both MACU and its collection agency is inaccurate and misleading

because it inflates the number of derogatory accounts and overstates the amount of outstanding debt in his name. *See* Dkt. No. 24 at 2; Dkt. No. 2 ¶¶ 20–22.

## II.

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A plaintiff cannot satisfy this standard by offering "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* (cleaned up). Nor will the court "accept as true a legal conclusion"—even if it is "couched as a factual allegation." *Id.* (cleaned up). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" thus "do not suffice," for Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79.

Not only must a plaintiff's allegations cross "the line between the conclusory and the factual," they must also cross the line "between the factually neutral and the factually suggestive." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 n.5 (2007). A plaintiff thus must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (cleaned up). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that the defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," dismissal is thus proper. *Id.* at 679 (cleaned up).

### III.

MACU attached a copy of the Equifax report at issue in this case to its motion to dismiss. *See* Dkt. No. 18-1. Mr. Zamora does not dispute the report's authenticity. *See* Dkt. No. 31 at 11:20–27 (recording of April 28, 2023, hearing). But he argues that the court should not consider the report because he did not rely on it in his complaint. *See id.* at 10:50–11:10. It is well settled, however, that even "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). Here, Mr. Zamora repeatedly references the Equifax report in his complaint. *See, e.g.,* Dkt. No. 2 ¶¶ 18, 23, 29, 47. And the report is undeniably central to his claim that the information reported by MACU in that report is inaccurate and misleading. The court will thus consider the report in deciding the motion to dismiss.

### IV.

"Consumers have no private right of action against furnishers for reporting inaccurate information to CRAs [Consumer Reporting Agencies] regarding consumer accounts." *Felts v. Wells Fargo Bank, N.A.*, 893 F.3d 1305, 1312 (11th Cir. 2018). "Instead, the only private right of action consumers have against furnishers is for a violation of § 1681s–2(b)." *Id.*; *see also Chiang v. Verizon New England Inc.*, 595 F.3d 26, 35 (1st Cir. 2010).

Under section 1681s–2(b), a furnisher of information (such as MACU) who receives notice of a dispute from a consumer reporting agency (such as Equifax) must

> (1) investigate the disputed information; (2) review all relevant information
> provided by the CRA; (3) report the results of the investigation to the CRA; (4)
> report the results of the investigation to all other CRAs if the investigation reveals
> that the information is incomplete or inaccurate; and (5) modify, delete, or

> permanently block the reporting of the disputed information if it is determined to
> be inaccurate, incomplete, or unverifiable.

*Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1178 (10th Cir. 2013) (citation omitted).

Many of Mr. Zamora's allegations are mere "formulaic recitations" of what he must show to state a claim for a violation of Section 1681s–2(b). These include his allegations that MACU "fail[ed] to fully and properly investigate [his] dispute of Defendant MACU's representations," "fail[ed] to review all relevant information regarding [his] disputes," and "verified the erroneous information associated with the Account to Equifax" rather than "instruct Equifax to remove the false information regarding the Account reporting on [his] consumer report." Dkt. No. 2 ¶¶ 26, 29, 48; *see also id.* ¶ 27 (alleging, *inter alia¸* that MACU "did not conduct an investigation," or "review underlying account information with respect to the disputed information and the accuracy of the Account."); *id* ¶ 48 (alleging that MACU "verif[ied] false information"). Other allegations are "naked assertions devoid of further factual enhancement," such as his statements that MACU did not "correct its own internal records," "contact third parties," or "accurately respond to credit reporting agencies." *Id.* ¶¶ 27, 48. But as the Supreme Court has made clear, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to withstand a motion to dismiss. *Iqbal*, 556 U.S. at 678.

Mr. Zamora's only concrete factual allegations are that MACU and the collections agency were "each reporting a balance due on the Account simultaneously," that neither Equifax nor MACU "communicate[d] with Plaintiff to determine the veracity and extent of Plaintiff's Dispute," and that MACU failed to correct the disputed information. Dkt. No. 2 ¶¶ 20, 31, 34. But while these factual allegations may be consistent with the possibility that MACU failed to investigate Mr. Zamora's dispute, they are also consistent with the possibility that it did conduct an investigation but concluded that no change to the reported information was necessary because

4

the information was not inaccurate or misleading. After all, "[n]othing in § 1681s–2(b) requires

[a] defendant to correct information simply because the consumer believes it is erroneous."

*Mendoza v. GE Capital Retail Bank*, 2012 WL 1038754, at \*3 (W.D. Tex. Mar. 27, 2012) (*citing*

*Bashore v. Resurgent Capital Servs., L.P.*, 452 F. App'x. 522, 524 (5th Cir. 2011)).

Further, Mr. Zamora's factual allegations must be viewed in light of the actual disputed

credit report. In that document, MACU reports the auto loan as having an "amount past due" of

"$5,339," Dkt. No. 18-1 at 6, and an "Account Status" of "COLLECTION," *id.* at 5. Its

comments separately describe the reported account as a "Collection account." *Id.* at 6.

Bonneville Collections, in turn, expressly describes itself as a "Collection Agency," and for the

loan, it reports the "Original Creditor Name" as "Mountain American Credit Union," the "Date

*Assigned*" as "May 22, 2018," and the "Original Amount Owed" as "$5,339." *Id.* at 7 (emphasis

added).

Again, the Fair Credit Reporting Act does not create a private right of action against

MACU for reporting inaccurate or misleading information. But even if did, the court has

considerable doubt that anything in MACU's description of the auto loan could reasonably be

understood to be inaccurate or misleading or that any reasonable user of the report would not

recognize that MACU and Bonneville Collections were reporting the same debt.

Rather, to succeed on his claim that MACU did not investigate his dispute, Mr. Zamora

must allege facts that support a reasonable inference "that *had* [MACU] conducted a reasonable

investigation, the result would have been different; *i.e.*, that the furnisher would have discovered

that the information it reported was inaccurate or incomplete, triggering the furnisher's

obligation to correct the information." *Felts*, 893 F.3d at 1313. Mr. Zamora's factual allegations

must thus support not only a reasonable inference that the reporting of the auto loan could be

understood to be inaccurate or misleading, but also a reasonable inference that MACU, had it conducted a reasonable investigation, would have so understood it.

The court concludes that Mr. Zamora's factual allegations, viewed in light of the disputed credit report, fail to do so. Although they may raise "a sheer possibility that [MACU] has acted unlawfully," they thus do not "allow[] the court to draw the reasonable inference that [MACU] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. And because the "complaint pleads facts that are merely consistent with [MACU'] liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up). Mr. Zamora has thus failed to state a claim against MACU.

\*     \*     \*

MACU's motion to dismiss Mr. Zamora's claim is **GRANTED**. This action will be **DISMISSED WITH PREJUDICE**.[1]

**IT IS SO ORDERED.**

DATED this 3rd day of August, 2023.

_____
Howard C. Nielson, Jr.
United States District Judge

---

[1] At the hearing on the motion to dismiss, Mr. Zamora's counsel requested that the court permit Mr. Zamora to amend his complaint if it concludes his allegations are insufficient to state a claim against MACU. *See* Dkt. No. 31 at 10:10–10:23 (recording of April 28, 2023, hearing). Mr. Zamora did not file a motion for leave to amend, however, and it is well-settled that "a court need not grant leave to amend when a party fails to file a formal motion." *Calderon v. Kansas Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1186 (10th Cir. 1999); *see also Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1283 (10th Cir. 2021). Under this court's local rules, a party who files a motion for leave to amend must identify the specific proposed amendments. *See* DUCivR 15-1(a). Unlike a passing and generic oral request, such a motion provides the opposing party a meaningful opportunity to be heard in opposition and also enables the court to determine whether the specific proposed amendments would cure the defects it has identified. Absent such a motion, the court will not permit Mr. Zamora to amend his complaint.